## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : CHAPTER 13 |
| ROBERT EDWARD GRAVES AND MARY LOU GRAVES, | : |
| DEBTORS. | : BANKRUPTCY NO. 09-12649-MDC |

## MEMORANDUM

BY: MAGDELINE D. COLEMAN, UNITED STATES BANKRUPTCY JUDGE

### INTRODUCTION

Before this Court for consideration is the Standing Chapter 13 Trustee's (the "Trustee") objection to the Amended Claim of Exemptions dated April 14, 2011 (the "Objection"), filed by Robert E. Graves and Mary Lou Graves (collectively, the "Debtors"). The Trustee objects to the claim filed by Mary Lou Graves ("Mrs. Graves") for an exemption under 11 U.S.C. § 522(d)(11)(D) ("§ 522(d)(11)(D)") for a loss of consortium claim relating to a pre-petition automobile accident involving only Robert E. Graves ("Mr. Graves").

Following a hearing on the matter and consideration of post-hearing briefs filed by the Trustee and the Debtors, this Court will sustain in part and deny in part the Trustee's Objection. Mrs. Graves' loss of consortium claim is property of her estate and for which she may claim an exemption. However, Mrs. Graves has failed to establish that the proceeds from the settlement of Mr. Graves' automobile accident are property of her estate and subject to a claim for exemption under § 522(d)(11)(D).

### BACKGROUND

The Debtors initiated this bankruptcy case by filing a petition for chapter 13 relief on April 9, 2009. Shortly thereafter, on May 22, 2009, the Debtors filed an Amended Schedule B to add a personal injury claim stemming from an automobile accident involving Mr. Graves that occurred on April 7, 2009, two days before the Debtors filed their joint petition for chapter 13 relief (the "Personal Injury Claim").

The Debtors' Amended Schedule B identified the Personal Injury Claim to be joint property of the Debtors.

On the same day, the Debtors also filed an Amended Schedule C in which the Debtors valued the Personal Injury Claim in the amount of $62,801 and claimed exemptions in the total amount of $62,802. With regard to the Personal Injury Claim, the Debtors claimed an exemption in the amount of $2,150 pursuant to 11 U.S.C. § 522(d)(5), an exemption in the amount of $20,250 pursuant to 11 U.S.C. § 522(d)(5), an exemption in the amount of $1.00 pursuant to 11 U.S.C. § 522(d)(11)(E), an exemption in the amount of $1.00 pursuant to 11 U.S.C. § 522(d)(9) and an exemption in the amount of $40,400 pursuant to 11 U.S.C. § 522(d)(11)(D) (the "Disputed Exemption"). Subsequently, on August 15, 2009, the Debtors filed a second Amended Schedule C. The Debtors did not change the amount or type of their claims exemptions. Rather, the Debtors amended their Schedule C to list the value of the Personal Injury Claim as $200,000.

On June 18, 2009, the Trustee filed his original objection to the Disputed Exemption. A hearing on the Trustee's original objection was scheduled to occur on July 15, 2009, and was later continued to August 19, 2009. Prior to the hearing scheduled for August 19, 2009, the parties submitted a stipulation extending the time for the Trustee to object to the Disputed Exemption (the "Stipulation"). The Stipulation was approved by this Court on August 21, 2009, and provided that the time for the Chapter 13 Trustee to object to the Debtors' exemptions was extended for a period of 90 days after the Trustee's receipt of written notice of any proposed settlement of or judgment on the Personal Injury Claim.

On August 26, 2009, the Debtors' Chapter 13 Plan ("Plan") was confirmed. The Debtors' Plan provided in relevant part that any net non-exempt proceeds from the Personal Injury Claim would be paid into the Plan for distribution to unsecured creditors. A year later on August 26, 2010, the Trustee wrote to Debtors' bankruptcy counsel regarding the status of the Personal Injury Claim. No response was forthcoming. Several months later, on February 14, 2011, the Trustee wrote to the counsel representing the Debtors' in connection with the Personal Injury Claim. The next day, the Trustee received a letter from Debtors' bankruptcy counsel advising, for the first time, that the Personal Injury Claim had been

2

settled for $125,000.  Thereafter, on March 3, 2011, the Trustee received from the Debtors' counsel a

copy of a Statement of Distribution dated February 19, 2010 (the "Statement of Distribution").  The

parties agree that the Statement of Distribution disclosed that Mr. Graves received a sum of $82,262.18

on or about March 1, 2010 (the "Settlement Proceeds").  The Settlement Proceeds represent Mr. Graves'

share of the total settlement amount of $125,000 less attorneys' fees and costs.[1]  Although a copy of the

Statement of Distribution was never provided to this Court, counsel for the Debtors admits that the

Statement of Distribution and accompanying release of the Personal Injury Claim was only signed by Mr.

Graves.  The Debtors have not provided any explanation as to why they waited for over a year to report

the settlement of the Personal Injury Claim to the Trustee.

Consistent with the Stipulation, the Trustee timely filed his present Objection.  In the Objection,

the Trustee argued that Mrs. Graves is not entitled to claim any exemption relating to the Personal Injury

Claim because the Personal Injury Claim is not property of her estate.  The Debtors filed a timely

opposition to the Objection contending that Mrs. Graves was entitled to claim an exemption for her loss

of consortium claim as a derivative claim of Mr. Graves' personal injury claim.  Arguments with regard

to the Trustee's Objection were heard by this Court at a hearing on August 11, 2011 (the "Hearing").

At the Hearing, the parties admitted that no facts were in dispute and the only matter to be

decided is whether any portion of the Settlement Proceeds may be attributed to Mrs. Graves' bankruptcy

estate.[2]  Central to this question are the documents evidencing the settlement of the Personal Injury

Claim.  Debtors' counsel stated that he was in possession of a copy of the release of the Personal Injury

Claim.  However, he did not introduce the release into the record because it was the Debtors' only copy.[3]

In lieu of introducing the release into this Court's record, Debtors' counsel conceded that Mrs. Graves did

not sign the release and that the release makes no reference to her alleged loss of consortium claim.  In

---

[1] This Court also addressed at the Hearing an Application for Compensation and Reimbursement of Expenses *Nunc Pro Tunc* and for Approval of Employment *Nunc Pro Tunc* filed by Flager & Yockey, P.C. dated June 23, 2011 [Docket No. 55] (the "Application").  This Court issued an Order dated August 11, 2011 [Docket No. 70] granting the application.
[2] The Trustee conceded that Mr. Graves suffered personal bodily injury and was therefore entitled to claim an exemption in the amount of $20,200 pursuant to § 522(d)(11)(D).
[3] At the hearing, the parties introduced no documentary evidence into the record.

addition, Debtors' counsel requested that this Court set a post-hearing briefing schedule to allow him to

explain why the release, despite not being signed by Mrs. Graves and despite omitting any reference to

Mrs. Graves' claim, implicates Mrs. Graves' alleged loss of consortium claim. Counsel for the Debtors

indicated that he would submit a copy of the release along with his post-hearing brief.

This Court is now in possession of the parties' post-hearing briefs. Despite his representations to

this Court, Debtors' counsel did not attach a copy of the release to his post-hearing brief. For whatever

reason, the parties have not provided to this Court, whether at the Hearing or as a part of their post-trial

filings, a copy of the release or any other document relating to the settlement of the Personal Injury

Claim. Instead, Debtors attached to their post-trial brief a letter from their personal injury counsel

advising that 25% of the Settlement Proceeds could be applied to Mrs. Graves' loss of consortium claim.

Memorandum of Opposition, Exhibit A.

## LEGAL DISCUSSION

The only issue before this Court is whether as a matter of law Mrs. Graves is entitled to apply her

§ 522(d)(11)(D) exemption to the Settlement Proceeds. To decide this issue, this Court must determine

whether any portion of the Settlement Proceeds constitutes property of Mrs. Graves' bankruptcy estate.

### A.   The Debtors' Bankruptcy Estates

To claim an exemption in property, a debtor must have an interest in the property. "[T]he *sine*

*qua non* for claiming an exemption is that the item must first be property of *the debtor's* estate." *In re*

*Bippert*, 311 B.R. 456, 460-61 (Bankr. W.D. Tex. 2004) (holding that spouse could not claim exemption

in property that was only property of other spouse's estate) (emphasis in original).

Pursuant to section 541(a)(1), a personal injury tort claim is property of a debtor's estate. *See* 11

U.S.C. § 541(a)(1) ("Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable

interests of the debtor in property as of the commencement of the case."); *see also Kollar v. Miller (In re*

*Kollar)*, 176 F.3d 175, 178 (3d Cir. 1999) (explaining that personal injury claims pending at the time of

the filing of a bankruptcy case are property of the estate); *In re Clark*, 274 B.R. 127, 132 (Bankr. W.D.

Pa. 2002) ("Personal injury claims pending at the time of the filing of a bankruptcy case are property of

the estate."). In the case of husband and wife debtors, a personal injury tort claim is the exclusive property of the injured spouse's estate. *In re Bippert*, 311 B.R. 456, 471 (Bankr. W.D. Tex. 2004) (acknowledging that personal injury claim belongs only to estate of injured spouse). Similarly, to the extent an uninjured spouse possesses a loss of consortium claim, such claim is the exclusive property of the uninjured spouse's estate. *Darr Construction Co. v. Workmen's Compensation Appeal Board*, 552 Pa. 400, 408 (1998) (acknowledging that Pennsylvania law provides that a loss of consortium claim is personal to the uninjured spouse").

With this distinction in mind, this Court observes that the Debtors' scheduling of the Personal Injury Claim as a "joint" asset is improper. The Debtors' respective claims arising from Mr. Graves' prepetition accident should have been listed as separate property. Mrs. Graves' loss of consortium claim should have been listed on the Debtors' Schedule B as property of her estate. On the other hand, Mr. Graves' claims arising from his physical injuries should have been listed on the Debtors' Schedule B as property of his estate. Unless a portion of the Settlement Proceeds may be attributed to the settlement of Mrs. Graves' loss of consortium claim, it does not follow that her bankruptcy estate has an interest in the Settlement Proceeds.

**B.    Mrs. Graves' Loss of Consortium Claim and the Settlement Proceeds**

With regard to the application of an exemption under § 522(d)(11)(D) to the proceeds of a personal injury settlement, the debtor is also required to have suffered "personal bodily injury."[4] The requirement that a debtor suffer physical injury to claim a § 522(d)(11)(D) exemption would, on its face, appear to preclude a debtor from claiming a § 522(d)(11)(D) exemption for a loss of consortium claim. However, courts interpreting the § 522(d)(11)(D) exemption "have found a loss of consortium to be

---

[4] The requirement of "personal bodily injury" is imposed by the text of § 522(d)(11)(D) that reads:

> "(d) The following property may be exempted under subsection (b)(2) of this section:
> (11) The debtor's right to receive, or property that is traceable to -
> (D) a payment, not to exceed $20,200, on account of *personal bodily injury*, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; …"

11 U.S.C. § 522(d)(11)(D) (emphasis added).

5

exempt because it is derived from the spouse's personal bodily injury." *In re Shumac*, 425 B.R. 139, 143 (M.D. Pa. 2010); *see also In re Dealey*, 204 B.R. 17, 18 (Bankr. C.D. Ill. 1997) (same).

Consistent with this precedent, this Court acknowledges that a spouse may apply a § 522(d)(11)(D) exemption to a loss of consortium claim. However, as addressed by the Court in *In re Shumac*, 425 B.R. 139, 144 (M.D. Pa. 2010) for a debtor to apply a § 522(d)(11)(D) exemption *to specific monies* received in satisfaction of a loss of consortium claim, a debtor must have asserted the loss of consortium claim and the monies sought to be exempted must constitute the proceeds of a settlement of or judgment on the loss of consortium claim. In other words, for Mrs. Graves's application of her claimed § 522(d)(11)(D) exemption to the Settlement Proceeds to be valid, she must establish that some portion of the Settlement Proceeds were received in satisfaction of her prepetition loss of consortium claim and are thereby property of her bankruptcy estate.

In *Shumac*, husband and wife debtors claimed individual exemptions under § 522(d)(11)(D) in the proceeds of auto accident litigation. Prior to filing for chapter 7 relief, the debtor husband was in a car accident that caused him to suffer wrist injuries. Finding that the debtor husband's injuries were sufficient to meet the personal bodily injury requirement of § 522(d)(11)(D), the Court found his claimed exemption to be proper. The Court then turned to trustee's objection to the debtor's wife claimed exemption in the proceeds of her loss of consortium claim. The Court found that the debtor wife could claim a § 522(d)(11)(D) exemption for her loss of consortium claim because it was derived from the debtor husband's personal bodily injury claim. *In re Shumac*, 425 B.R. 139, 143 (M.D. Pa. 2010). Acknowledging that neither the debtor husband's personal injury claim nor the debtor wife's loss of consortium claim had been reduced to a settlement or judgment, the court still found that the debtor husband and wife's claimed exemptions remained valid because their respective claims were property of their respective estates and were derived from personal bodily injury. "To the extent a settlement or judgment is entered in favor of the Debtors for *both* personal injury and loss of consortium, the exemptions are considered valid under 11 U.S.C. § 522(d)(11)(D), and the Trustee's objections to those exemptions are overruled." *In re Shumac*, 425 B.R. 139, 144 (M.D. Pa. 2010) (emphasis added).

6

Here, the Court finds that Settlement Proceeds were not derived from a settlement of Mrs.

Graves' alleged loss of consortium claim.  Unlike the debtors in *Shumac* who had not yet obtained a

settlement or judgment of either of the spouse's claims, *In re Shumac*, 425 B.R. 139, 144 (M.D. Pa.

2010), all evidence indicates that the Settlement Proceeds were derived only from the satisfaction of Mr.

Graves' claims arising from his physical injuries.  As admitted by Debtors' counsel, the release was

signed only by Mr. Graves and makes no reference to Mrs. Graves' loss of consortium claim.  The

Debtors' only evidence that the release implicates Mrs. Graves' alleged loss of consortium claim is a copy

of a one-page facsimile from the Debtors' personal injury counsel, issued long after the settlement of the

Personal Injury Claim and after the Trustee's filing of the Objection, and stating that:

> In reply to your letter of Feb. 21, 2011, attached is a copy of the Schedule of Distribution
> dated Feb. 19, 2010.  Please be advised that Ms. Graves was retired [and] there would not
> be any claims for future lost wages.  You can apply 25% to the consortium claims.
> Please feel free to call me if you have any questions.

Memorandum in Opposition, Exh. A.

Because the evidence relied upon by the Debtors is inadmissible hearsay, *see e.g., In re Bowen*,

46 F. Supp. 631, 636 (E.D. Pa. 1942) (refusing to consider as evidence self-serving letters from counsel

attempting to construe an agreement), it is insufficient to establish either that Mrs. Graves asserted her

loss of consortium claim or that the monies sought to be exempted constitute the proceeds of a settlement

of her loss of consortium claim.  Debtors' counsel represented to this Court that he would submit along

with his post-hearing papers a copy of the release of the Personal Injury Claim.  Despite his

representation, the facsimile was the only evidence provided to this Court and is insufficient to establish

that any portion of the Settlement Proceeds inured to the benefit of Mrs. Graves' bankruptcy estate.

Having failed to establish that the release applies to Mrs. Graves' loss of consortium claim, this

Court finds that the Settlement Proceeds are the exclusive property of Mr. Graves' bankruptcy estate.  On

this basis, this Court agrees with the Trustee and finds that Mrs. Graves' application of her claimed

§ 522(d)(11)(D) exemption to the Settlement Proceeds is invalid.

However, Mrs. Graves' bankruptcy estate does include her interest in her loss of consortium

7

claim and that interest remains unliquidated. In essence, Mrs. Graves stands in the same position as the debtor wife in *Shumac*. If at any time a settlement or judgment is entered in favor of Mrs. Graves for her alleged loss of consortium claim, then she would be able to apply her § 522(d)(11)(D) exemption to the proceeds of such a settlement or judgment. Accordingly, this Court finds that it would be premature at this time to deny her § 522(d)(11)(D) exemption as applied to her unliquidated loss of consortium claim. *See, e.g., Manzitti v. Amsler*, 550 A.2d 537, 458 (1988) ("a claim for loss of consortium is not barred by the settlement and release of the injured spouse's personal injury claim").

## SUMMARY

This Court finds that the estate of Debtor Mary Lou Graves does not possess an interest in the Settlement Proceeds. As a result, Mrs. Graves may not apply her claimed § 552(d)(11)(D) exemption to any portion of the Settlement Proceeds. However, this Court recognizes that Mrs. Graves does possess a prepetition loss of consortium claim. Upon filing for chapter 13 relief, her claim became part of her bankruptcy estate. She may claim a § 522(d)(11)(D) exemption that she may apply to any monetary recovery, if any, that she may obtain in satisfaction of her presently unliquidated loss of consortium claim.

Accordingly, the Trustee's Objection will be sustained in part and denied in part.

BY THE COURT:

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

DATED: JANUARY 24, 2012